# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HUBBS MACHINE & MANUFACTURING, INC., ) ) ) Plaintiff, ) ) v. ) ) BRUNSON INSTRUMENT CO., ) ) Defendant. ) | No. 4:09-CV-701 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Brunson Instrument Co.'s ("Brunson") motion to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Hubbs Machine & Manufacturing, Inc. ("Hubbs") opposes the motion and it is fully briefed. For the following reasons, the motion to dismiss will be denied.

**Background**

Hubbs is a Missouri corporation based in Cedar Hill, Missouri, engaged in the business of making and marketing close tolerance industrial survey targets, adaptors and mounts for use in metrology activities. Hubbs is the owner of Reg. No. 3,531,432 on the Principal Register of the U.S. Patent and Trademark Office for the mark "SM," registered on November 11, 2008. The complaint asserts claims against Brunson for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a)(b) (Count I); false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1) (Count II); Missouri trademark dilution, Mo. Rev. Stat. § 417.061 (Count III); Missouri common law trademark infringement (Count IV); and Missouri common law unfair competition (Count V).

Brunson moves to dismiss trademark Counts I through IV on the basis that the alleged trademark "SM" is not entitled to protection under either federal or state law, and Count V on the basis that Hubbs' complaint fails to allege sufficient facts to establish any element of Missouri unfair competition.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and

2

reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**Discussion**

    **A. Trademark Counts**

Brunson moves to dismiss Counts I through IV on the basis that Hubbs' "SM" mark is generic because it is merely the initials for "sphere mount," and as a result cannot be protectable as a matter of law under the Lanham Act or Missouri common law, or as distinctive under Missouri trademark dilution law.

Hubbs responds that its "SM" mark is federally registered, a trademark registration is prima facie evidence of a valid trademark, 15 U.S.C. § 1115(a), and registered trademarks are presumed to be distinctive, citing WSM, Inc. v. Hilton, 724 F.2d 1320, 1325 (8th Cir. 1984). Hubbs further responds that while the "SM" mark describes products including sphere mounts, the trademark registration certificate does not equate "SM" to sphere mounts, and Hubbs utilizes the "SM" mark to identify the source of various metrology products.

Hubbs has alleged that it is the owner of the federally-registered "SM" mark. Registration of a mark creates a rebuttable presumption that the mark is both valid and distinctive. Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 869 (8th Cir. 1994). Brunson's argument that the mark is generic does not rebut these presumptions. The cases on which Brunson relies for the proposition that a generic mark can never be distinctive concern unregistered marks and therefore are

3

unpersuasive.[1] As the Eighth Circuit has observed, "There is an important difference . . . between registered trademarks and unregistered marks or dress. Under Sections 7(b) and 33(a) of the Lanham Act registered marks are entitled to certain presumptions." Aromatique, 28 F.3d at 868-89. The motion to dismiss Counts I through IV should therefore be denied.

**B. Unfair Competition**

Brunson moves to dismiss Count V of Hubbs' complaint, which asserts a claim for Missouri common law unfair competition, on the basis that such a claim must involve a trade secret and the complaint does not allege the existence of a trade secret.

Hubbs responds that to state a claim for unfair competition under Missouri law, it must show "whether the defendant's acts are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates." Pan Am. Realty Corp. v. Forest Park Manor, Inc., 431 S.W.2d 144, 149 (Mo. 1968). Hubbs asserts that although trade secrets are a species of unfair competition, Count V focuses on Brunson's use of the "SM" mark without permission, particularly in part numbers, which may lead to deception of buyers concerning the source, affiliation or connection of Brunson's products. Hubbs further asserts that the same facts which support an action for trademark infringement also support an action

---

[1] See Southwestern Bell Yellow Pages, Inc. v. Wilkins, 920 S.W.2d 544, 548 (Mo. Ct. App. 1996) (concerning trademark claim based on unregistered trademark); Schwan's IP, LLC v. Kraft Pizza Co., 460 F.3d 971, 975 (8th Cir. 2006) (same); National Conference of Bar Examiners v. Multistate Legal Studies, Inc., 692 F.2d 478, 488 (7th Cir. 1982) (same); Welding Services Inc. v. Forman, 509 F.3d 1351, 1359 (11th Cir. 2007) (same); America Online, Inc. v. AT & T Corp., 64 F.Supp.2d 549, 566 (E.D. Va. 1999) (same); see also Capital Project Mgmt., Inc. v. IMDISI, Inc., 70 U.S.P.Q.2d 1172, 2003 WL 21779687, at ** 6-13 (T.T.A.B. July 30, 2003) (denying application for registration of "TIA" as acronym for generic term "time impact analysis").

for unfair competition, citing Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 758 F. Supp. 512, 527 (E.D. Mo. 1991), aff'd, 989 F.2d 985 (8th Cir.), cert. denied, 510 U.S. 928 (1993).

Brunson's assertion that a Missouri unfair competition claim can only be based on trade secrets is incorrect, and takes a far too narrow view of the scope of unfair competition. Missouri courts may look to the Restatement (Third) of Unfair Competition when analyzing unfair competition claims. See Doe v. TCI Cablevision, 110 S.W.3d 363, 368 (Mo. 2003) (en banc). The Restatement provides generally that there can be liability for causing harm to the commercial relations of another by engaging in a business or trade where the harm results from acts or practices relating to (1) deceptive marketing; (2) infringement of trademarks and other indicia of identification; and (3) appropriation of intangible trade values including trade secrets and the right of publicity. Restatement (3d) of Unfair Competition, § 1.

> The Missouri Court of Appeals has described unfair competition as follows:
>
> Unfair competition is a species of commercial hitchhiking which the law finds offensive, and, therefore, prohibits. The law of unfair competition is but a reaffirmation of the rules of fair play. It aims to effect honesty among competitors by outlawing all attempts to trade on another's reputation-it gives the crop to the sower and not to the trespasser. In so doing it strives to protect the buying public from deception.

Cushman v. Mutton Hollow Land Dev., Inc., 782 S.W.2d 150, 157 (Mo. Ct. App. 1990) (quoting Shrout v. Tines, 260 S.W.2d 782, 788 (Mo. Ct. App. 1953)). "The essence of law for unfair competition is fair play. Under both statutory and common law, unfair competition is established by showing one party is 'passing off' his product as that of another so that the public is deceived regarding the source of the goods." Gilbert/Robinson, 758 F. Supp. at 527 (cited case omitted).

5

More recently, this Court has stated that "[t]he tort of unfair competition is amorphic in nature," and quoted a treatise on the subject containing an appropriate observation:

> Unfair competition is not an objective "thing" and has no objective reality. It is merely an intellectual concept convenient to describe a process which goes on in courts of law. It is as specious to attempt a sweeping, all-inclusive definition of "unfair competition" as to try to define the legal term "reasonable." The term "unfair competition," as used to describe a generic class of commercial activities, is too abstract and subjective when divorced from concrete examples. One reason why the author has not attempted an over-all, sweeping definition is that the meaning of the term is fluid, having been refined on a case-by-case basis by lawyers and judges.

Adbar Co., L.C. v. PCAA Missouri, LLC, 2008 WL 68858, at *11 (E.D. Mo. Jan. 4, 2008) (quoting Cushman, 782 S.W.2d at 157).

Numerous Missouri unfair competition cases concern the alleged unfair use of trade names as opposed to trade secrets. See, e.g., Pan Am. Realty, 431 S.W.2d 144; Cushman, 782 S.W.2d 150; Better Business Bureau of Kansas City Adver. Club, Inc. v. Chappell, 307 S.W.2d 510 (Mo. Ct. App. 1957). See also Brown & Bigelow v. B.B. Pen Co., 191 F.2d 939, 943 (8th Cir. 1951) ("A universally recognized, and the most common, form or mode of unfair competition is the simulation by one person of the name, symbols, or devices employed by a business rival, so as to induce the purchase of his goods under a false impression as to their origin or ownership and thus secure for himself benefits properly belonging to his competitor."); Adbar, 2008 WL 68858, at * 11 (denying summary judgment on Missouri unfair competition claim based on competitor's use of a trade name); Home Builders Ass'n of Greater St. Louis v. L & L Exhibition Mgmt., Inc., 1999 WL 34803788, at **15-17 (E.D. Mo. Aug. 13, 1999) (defendant engaged in unfair competition under Missouri law by willfully and deliberately passing off its services as those of the plaintiff in order to deceive the

public); Gilbert/Robinson, 758 F. Supp. at 527 (defendant's use of plaintiff's service mark supported a claim for unfair competition under Missouri law).

The Eighth Circuit decision cited by Brunson, Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc., 162 F.3d 991, 998 (8th Cir. 1998), discussed a Missouri unfair competition claim that happened to concern the alleged misuse of trade secrets. The decision does not state or stand for the proposition asserted by Brunson, that a Missouri unfair competition claim can only be based on the misuse of trade secrets. Brunson's motion to dismiss Count V should therefore be denied.

**Conclusion**

For the foregoing reasons, the Court concludes that defendant Brunson's motion to dismiss plaintiff Hubbs' federal and state trademark claims and unfair competition claim is without merit and should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that Brunson Instrument Co.'s motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED**. [Doc. 8]

　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of July, 2009.